UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MARIA KUPELIAN,

    Plaintiff,

                                                        CASE NO:   3:21cv357

vs.

R.S.C. OF VA, LLC, d/b/a LOLA'S
FARMHOUSE BISTRO,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Maria Kupelian ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues R.S.C. OF VA, LLC, d/b/a/ LOLA'S FARMHOUSE BISRO, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Virginia pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Virginia.

3. Plaintiff, Maria Kupelian (hereinafter referred to as "Kupelian"), is a resident of the State of Virginia and is a qualified individual with a disability under the ADA. Kupelian has what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she has been diagnosed with

1

Secondary Progressive Multiple Sclerosis and requires the use of a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Kupelian visited the Defendant's premises at issue in this matter on or about October 2, 2020, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. As more fully described hereinbelow, Kupelian found a lack of wheelchair accessible parking, wheelchair accessible routes to enter the subject property, and a lack of wheelchair accessible toilet rooms within the subject property. Kupelian continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, R.S.C. OF VA, LLC, is a limited liability company registered to do business and, in fact, conducting business in the Commonwealth of Virginia. Upon information and belief, R.S.C. OF VA, LLC, (hereinafter referred to as "R.S.C.") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically: Lola's Farmhouse Bistro located at 1840 Manakin Road, Manakin-Sabot, Virginia 23103 (hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Eastern District of Virginia.

**COUNT I - VIOLATION OF THE ADA**

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, R.S.C. is a place of public accommodation in that it is a Restaurant operated by a private entity that provides goods and

services to the public.

8. R.S.C. has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. Kupelian has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at R.S.C. Prior to the filing of this lawsuit, on or about October 2, 2020, Kupelian visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access itemized in Paragraph 13, below, that she personally encountered.

10. Specifically, Kupelian found no accessible parking spaces in the gravel parking lot, no accessible route to enter the restaurant independently, and no accessible route to enter the toilet rooms, nor any accessible fixtures within the toilet rooms necessary for a wheelchair user. In fact, Kupelian had to be carried into the toilet room due to the lack of accessibility which resulted in great humiliation to Kupelian.

11. Kupelian continues to desire and intends to visit the Restaurant in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA. Kupelian has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

12. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

13. R.S.C. is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

(i) There are no accessible or van accessible parking spaces with adjacent access aisles provided in the existing parking area as necessary for a wheelchair user;

(ii) There is no firm and slip resistant wheelchair accessible route between the parking area provided (which is loose gravel) and the entry to the restaurant, due to both the gravel parking area and the two (2) abrupt changes in level (steps) between the parking lot and the entry to the restaurant;

(iii) Defendant has used portable aluminum ramps to provide access into the restaurant but no accessible means of alerting Defendant to the need for such ramps is provided and such ramps do not afford a person with a disability the ability to enter or leave the Restaurant independently;

(iv) There is no wheelchair accessible route to access the toilet rooms due to narrow hallways and doorways that will not accommodate wheelchair maneuvering clearances to enter the toilet rooms;

(v) The toilet rooms lack wheelchair maneuvering clearances within them and have water closets that are too low for a wheelchair user, provide no grab bars for a wheelchair user at the water closet, are equipped with pedestal lavatories that do not provide wheelchair knee and toe clearances required to access the lavatory, have paper towel dispensers mounted out of reach range of a wheelchair user, and lack accessible signage.

14. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by R.S.C. that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

15. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §§36.304 and 36.401,

R.S.C. was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, R.S.C. has failed to comply with this mandate.

17. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by R.S.C. pursuant to 42 U.S.C. §12205.

18. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against R.S.C. and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this the 2nd day of June, 2021

Respectfully submitted,

      *s/ Jonathan H. Walker*
Jonathan H. Walker
Virginia Bar No. 24300
Mason, Mason, Walker & Hedrick, PC
11848 Rock Landing Dr, #201
Newport News, VA  23606
Telephone: (757) 873-3909
Facsimile:  (757)  873-1781
Email: jwalker@masonwalker.com
*Local Counsel for Plaintiff*

  *s/ Edward I. Zwilling*
Edward I. Zwilling, Esq.
Ala. Bar No. ASB-1564-L54E
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Drive
Birmingham, AL 35242
Telephone:     (205) 822-2701
Email: ezwilling@szalaw.com
*Pro Hac Vice Lead Counsel for Plaintiff*
*Application pending*